| B104<br>(3/87)<br>**ADVERSARY PROCEEDING COVER SHEET** | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| PLAINTIFFS<br><br>**Warren E. Agin, Chapter 7 Trustee** | DEFENDANTS<br>**Barbara Ann Chambers, Arthur Turner III and Cheryl L. Smith, as trustees of The Turner Family Irrevocable Trust, and Barbara Ann Chambers, Arthur Turner III, Eric J. Turner and Cheryl L. Smith, individually, as beneficiaries of The Turner Family Irrevocable Trust** |
| ATTORNEYS<br>**Arvid von Taube, Esq., Swiggart & Agin, LLC, 197 Portland Street, Fourth Floor, Boston, MA 02114,   (617) 742-0110 x204** | ATTORNEYS |

| PARTY(Check One Only)   ____ U.S. PLAINTIFF   ____ U.S. DEFENDANT   __X__ U.S. NOT A PARTY |
|---|

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S STATUTES INVOLVED)<br>**COMPLAINT TO AVOID AND RECOVER AS FRAUDULENT AND PREFERENTIAL TRANSFER, DEBTOR'S GRANTING OF MORTGAGE; AVOID AND PRESERVE MORTGAGE FOR BENEFIT OF ESTATE; 11 U.S.C. §§ 544, 547, 548, 550, 551** |
|---|

**NATURE OF SUIT**

| | | |
|---|---|---|
| __X__ 454   To recover money or property<br>____435   To determine validity, priority, or extent of a lien or other interest in property.<br>____458   To obtain approval for the sale of both the interest of the estate and of co ownership in property.<br>____424   To object to or revoke a discharge or interest 11 U.S.C. Section 727. | ____435   To revoke an order or confirmation of Chap. 11 or Chap. 13 Plan.<br>____426   To determine the dischargeability of a debt 11 U.S.C. Section 523.<br>____434   To obtain an injunction or other equitable relief.<br>____457   To subordinate any allowed claim or interest | ____456   To obtain a declaratory judgment relating to any of the foregoing causes.<br>____459   To determine a claim or cause of action removed to a bankruptcy court.<br>____498   Other(specify) |

| ORIGIN OF PROCEEDINGS (Check one only)<br>__X__ Original          _____ Removed          _____ Transferred to another          _____ Reinstated or<br>Proceeding          Proceeding          Bankruptcy Court          Reopened | ____   CHECK HERE IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|
| DEMAND<br>**$67,000** | NEAREST THOUSAND<br>**$67** | OTHER RELIEF SOUGHT<br>**LIEN AVOIDANCE** | ____   Jury Demanded |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR(S)<br>**Lana M. Ruel** | BANKRUPTCY CASE NUMBER<br>**08-18401-FJB** |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>**MASSACHUSETTS** | DIVISIONAL OFFICE<br>**BOSTON** | NAME OF JUDGE<br>**BAILEY** |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE<br>(Check one only)          ____ FEE ATTACHED          ____ FEE NOT REQUIRED          __X__ FEE IS DEFERRED |
|---|

| DATE<br>**December 29, 2009** | PRINT NAME OF ATTORNEY<br>**Arvid von Taube, BBO # 666313** | SIGNATURE OF ATTORNEY<br>**/s/Arvid von Taube** |
|---|---|---|

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Case No.   08-18401-FJB |
| Lana M. Ruel, | Chapter 7 |
| Debtor. | |
| Warren E. Agin, Chapter 7 Trustee | AP. No. |
|     Plaintiff, | |
| v. | |
| Barbara Ann Chambers, Arthur Turner III and Cheryl L. Smith, as trustees of The Turner Family Irrevocable Trust, | |
| and | |
| Barbara Ann Chambers, Arthur Turner III, Eric J. Turner and Cheryl L. Smith, individually, as beneficiaries of The Turner Family Irrevocable Trust, | |
|     Defendants. | |

## Complaint

This is an action commenced by Warren E. Agin, the duly appointed Chapter

7 trustee (the "Trustee" or the "Plaintiff") of the estate of Lana M. Ruel (the

"Debtor"), to avoid as a fraudulent conveyance pursuant to 11 U.S.C. §§ 544(b),

548(a), and the Massachusetts Fraudulent Transfer Act, M.G.L. ch. 109A, the

Debtor's granting of a mortgage (the "Mortgage" as more specifically defined below)

to The Turner Family Irrevocable Trust (the "Trust"), which encumbers the Debtor's

interest in real property known and numbered as 5 South Street, Brant Rock, Massachusetts (the "Property"); to avoid as a preferential transfer pursuant to 11 U.S.C. § 547(b), the Debtor's granting of the Mortgage to the Trust, which encumbers the Debtor's interest in the Property; to avoid, pursuant to 11 U.S.C. § 544(a), the grant of the Mortgage to the Trust; to preserve the avoided Mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551; and to recover the value of the Mortgage, pursuant to 11 U.S.C. § 550(a).

## JURISDICTION AND VENUE

1.   This adversary proceeding arises under and is related to the above-captioned chapter 7 case, currently pending in this district.

2.   The court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 1334, 151, 157 and 11 U.S.C. §§ 105, 502, 541, 544, 547, 548, 550, and 551.

3.   This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A,F,H,K,O).

4.   Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

## PARTIES

5.   The plaintiff, Warren E. Agin, is the duly appointed chapter 7 trustee in the above referenced chapter 7 case.

6.   The defendants are (i) Barbara Ann Chambers, Arthur Turner III and Cheryl L. Smith, as trustees of the Trust, which is a Massachusetts nominee trust controlled by its beneficiaries, and (ii) the Trust's last-known beneficiaries (collectively, the "Defendants"), being:

- Barbara Ann Chambers, an individual last known to be residing at 74 Pine Grove Avenue, Hanson, Massachusetts;

- Arthur Turner III, an individual last known to be residing at 463 Main Street, Hanson, Massachusetts;

- Eric J. Turner, an individual last known to be residing at 239 Wareham Street, Middleboro, Massachusetts; and

- Cheryl L. Smith, an individual last known to be residing at 29 Greenwood Avenue, Pembroke, Massachusetts (the "Beneficiaries").

## FACTS COMMON TO ALL COUNTS

7.  On October 31, 2008, the Debtor filed a voluntary petition seeking relief under Chapter 7 of Title 11 of the United States Code.

8.  The Debtor acquired the Property from Hazel A. Ruel by a deed dated January 8, 1987, and recorded with the Plymouth County Registry of Deeds on January 30, 1987, at Book 7457, Page 218.

9.  According to a market analysis of the Property conducted by Compass Realty Brokerage Services, LLC on or about September 19, 2008, the Property had a fair market value at that time of $425,000.

10.  The Property is encumbered by a first mortgage granted by the Debtor to PHH Mortgage Services, securing a note in the approximate amount of $190,000, a second mortgage granted by the Debtor to Fleet Bank, securing a home equity line of credit in the approximate amount of $100,000, and the Mortgage, securing the Debtor's obligation to pay $67,000 to the Trust.

11.  The Trust is a Massachusetts nominee trust formed by a Declaration of Trust dated August 14, 2000, and recorded with the Plymouth County Registry of Deeds on August 21, 2000, at Book 18804, Page 64. The original and last-known beneficiaries of the Trust are the Beneficiaries and the Debtor.

12.  On information and belief, the Trust was established to hold the proceeds of the sale of real estate previously owned by the parents of the Beneficiaries and the Debtor.

13.  The original trustees of the Trust were Barbara Ann Chambers, Arthur Turner III (the "Trustees"), and the Debtor. By resignation instrument dated April 4, 2008, and recorded with the Plymouth County Registry of Deeds on May 15, 2008, at Book 35967, Page 133, the Debtor resigned as trustee of the Trust. On information and belief, the Trustees are the last-known trustees of the Trust.

14.  The Defendants, both as trustees of the Trust and as beneficiaries, are the Debtor's siblings.

15.  The Debtor took approximately $44,000 from the Trust in the approximately two years prior to May 15, 2008.

16.  On April 4, 2008, the Debtor granted the Mortgage to the Trust, which encumbered the Debtor's interest in the Property.

17.  The Mortgage was recorded with the Plymouth County Registry of Deeds on May 15, 2008, at Book 35967, Page 134 (the "Transfer").

## COUNT I

### (Fraudulent Transfer - Constructive, §548(a)(1)(B))

18.  The Trustee repeats and realleges averments one through 17 of his complaint as if set forth fully herein.

19.  The Beneficiaries and Trustees of the Trust are insiders of the Debtor.

20.  Under Massachusetts real estate law, a mortgage constitutes a deed within the meaning of M.G.L. ch. 183.

21.  The granting of the Mortgage constitutes a transfer of the Debtor's interest in property for the purposes of Title 11 of the United States Code.

22.  The Debtor, on information and belief, received less than reasonably equivalent value in exchange for the Transfer.

23.  The Debtor was insolvent, as defined by 11 U.S.C. § 101(32), at the time of the Transfer or was rendered insolvent by the Transfer.

24.  The Transfer may be avoided by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

25.  Pursuant to 11 U.S.C. § 551, the avoided Transfer is preserved for the benefit of the bankruptcy estate.

26.  Pursuant to 11 U.S.C. § 550(a) the Trustee may recover the sum of $67,000 from the Defendants.

## COUNT II

### (Fraudulent Transfer - Actual, §548(a)(1)(A))

27.  The Trustee repeats and realleges averments one through 26 of his complaint

as if set forth fully herein.

28.  The Transfer was performed with the actual intent to defraud, hinder or delay the creditors, past and future, of the Debtor.

29.  The Transfer may be avoided by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(A).

30.  Pursuant to 11 U.S.C. § 551, the avoided Transfer is preserved for the benefit of the bankruptcy estate.

31.  Pursuant to 11 U.S.C. § 550(a) the Trustee may recover the sum of $67,000 from the Defendants.

## COUNT III

### (Fraudulent Transfer - Constructive, M.F.T.A. § 5(a)(2))

32.  The Trustee repeats and realleges averments one through 31 of his complaint as if set forth fully herein.

33.  The Debtor made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer.

34.  At the time of the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

35.  The Debtor was insolvent, as defined by M.G.L. ch. 109A, § 3, at the time of the Transfer or was rendered insolvent by the Transfer.

36.  Pursuant to M.G.L. ch. 109A, § 5(a), the Transfer constituted a fraudulent transfer.

37.  A fraudulent transfer may be set aside by any past or future creditor of the Debtor pursuant to M.G.L. ch. 109A, § 8(a)(1).

38.  Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property voidable by a holder of an allowable unsecured claim.

39.  The schedules filed by the Debtor in her chapter 7 case list numerous creditors with allowable, unsecured claims.

40.  The Transfer constituted a fraudulent transfer pursuant to M.G.L. ch. 109A which may be set aside by the Trustee.

41.  Pursuant to 11 U.S.C. § 551, the avoided Transfer is preserved for the benefit of the bankruptcy estate.

42.  Pursuant to 11 U.S.C. § 550(a) the Trustee may recover the sum of $67,000 from the Defendants.

## COUNT IV

### (Fraudulent Transfer - Constructive, M.F.T.A. § 6(a))

43.  The Trustee repeats and realleges averments one through 42 of his complaint as if set forth fully herein.

44.  The Debtor made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer.

45.  The Debtor was insolvent, as defined by M.G.L. ch. 109A, § 3, at the time of the Transfer or was rendered insolvent by the transfer.

46.  Pursuant to M.G.L. ch. 109A, § 6(a), the Transfer constituted a fraudulent

transfer.

47. A fraudulent transfer may be set aside by any past creditor of the Debtor pursuant to M.G.L. ch. 109A, § 8(a)(1).

48. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property voidable by a holder of an allowable unsecured claim.

49. The schedules filed by the Debtor in her chapter 7 case list numerous creditors with allowable, unsecured claims. On information and belief, at least one of such creditors had a claim against the Debtor at the time of the Transfer.

50. The Transfer constituted a fraudulent transfer pursuant to M.G.L. ch. 109A which may be set aside by the Trustee.

51. Pursuant to 11 U.S.C. § 551, the avoided Transfer is preserved for the benefit of the bankruptcy estate.

52. Pursuant to 11 U.S.C. § 550(a) the Trustee may recover the sum of $67,000 from the Defendants.

## COUNT V

### (Fraudulent Transfer - Actual, M.F.T.A. § 5(a)(1))

53. The Trustee repeats and realleges averments one through 52 of his complaint as if set forth fully herein.

54. The Debtor made the Transfer with actual intent to hinder, delay, or defraud a creditor of the Debtor.

55. Pursuant to M.G.L. ch. 109A, § 5(a)(1), the Transfer constituted a fraudulent

transfer.

56.  Pursuant to M.G.L. ch. 109A, § 5(a), the Transfer constituted a fraudulent transfer.

57.  A fraudulent transfer may be set aside by any past or future creditor of the Debtor pursuant to M.G.L. ch. 109A, § 8(a)(1).

58.  Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property voidable by a holder of an allowable unsecured claim.

59.  The schedules filed by the Debtor in her chapter 7 case list numerous creditors with allowable, unsecured claims.

60.  The Transfer constituted a fraudulent transfer pursuant to M.G.L. ch. 109A which may be set aside by the Trustee.

61.  Pursuant to 11 U.S.C. § 551, the avoided Transfer is preserved for the benefit of the bankruptcy estate.

62.  Pursuant to 11 U.S.C. § 550(a) the Trustee may recover the sum of $67,000 from the Defendants.

## COUNT VI

### (Preference, M.F.T.A. § 6(b))

63.  The Trustee repeats and realleges averments one through 62 of his complaint as if set forth fully herein.

64.  The Transfer was to or for the benefit of the Defendants, who were creditors of the Debtor.

65. The Transfer was for or on account of an antecedent debt owed by the Debtor before the Transfer was made.

66. The Debtor was insolvent at the time of the Transfer.

67. The Defendants had reasonable cause to believe that the Debtor was insolvent.

68. On the date of the Transfer the Defendants were the Debtor's siblings and are insiders of the Debtor.

69. The Transfer occurred on or within one year before the date the Debtor filed the bankruptcy petition.

70. Pursuant to M.G.L. ch. 109A, § 6(b), the Transfer constituted a fraudulent transfer.

71. A fraudulent transfer may be set aside by any past creditor of the Debtor pursuant to M.G.L. ch. 109A, § 8(a)(1).

72. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property voidable by a holder of an allowable unsecured claim.

73. The schedules filed by the Debtor in her chapter 7 case list numerous creditors with allowable, unsecured claims. On information and belief, at least one of such creditors had a claim against the Debtor at the time of the Transfer.

74. The transfer constituted a fraudulent transfer pursuant to M.G.L. ch. 109A which may be set aside by the Trustee.

75. Pursuant to 11 U.S.C. § 551, the avoided Transfer is preserved for the benefit of the bankruptcy estate.

76.  Pursuant to 11 U.S.C. § 550(a) the Trustee may recover the sum of $67,000 from the Defendants.

## COUNT VII

### (Preference, §547(a))

77.  The Trustee repeats and realleges averments one through 76 of his complaint as if set forth fully herein.

78.  The Transfer was to or for the benefit of the Defendants, who were creditors of the Debtor.

79.  The Transfer was for or on account of an antecedent debt owed by the Debtor before the Transfer was made.

80.  The Debtor was insolvent at the time of the Transfer.

81.  On the date of the Transfer the Defendants were the Debtor's siblings and are insiders of the Debtor.

82.  The Transfer occurred on or within one year before the date the Debtor filed the bankruptcy petition.

83.  The Transfer enabled the Defendants to receive more than the Defendants would have received if (A) the case were a case under Chapter 7 of the United States Bankruptcy Code, (B) the Transfer had not been made; and (C) the Defendants received payment of such debt to the extent provided by the provisions of Title 11.

84.  The Transfer may be avoided by the Trustee pursuant to 11 U.S.C. § 547(a).

85.  Pursuant to 11 U.S.C. § 551, the avoided Transfer is preserved for the benefit of

the bankruptcy estate.

86.  Pursuant to 11 U.S.C. § 550(a) the Trustee may recover the sum of $67,000

from the Defendants.

## COUNT VIII

## (Lien Avoidance, §544(a))

87.  The Trustee repeats and realleges averments one through 86 of his complaint

as if set forth fully herein.

88.  Pursuant to Counts I through V above, the Transfer is avoidable by the Trustee

as both a fraudulent and a preferential transfer under Federal and state law.

89.  The avoidable Transfer is the Debtor's granting, and the subsequent recording

of, the Mortgage.

90.  Because the recording of the Mortgage is avoidable, the Defendants' security

interest in the Property—the Mortgage—is unperfected.

91.  Pursuant to 11 U.S.C. § 544(a)(1 & 2), the Defendants' Mortgage would be

junior to the lien of a creditor that extended credit to the Debtor at the time of

commencement of the Debtor's bankruptcy case and obtained, at that time and with

respect to such credit, either a judicial lien or an execution against the debtor.

92.  Pursuant to 11 U.S.C. § 544(a)(3), the Defendants' rights under the Mortgage

would be junior to the rights of a bona fide purchaser of the Property, who obtained

the status of a bona fide purchaser at the time of commencement of the Debtor's

bankruptcy case.

93.  Pursuant to 11 U.S.C. § 544(a), a trustee has the rights and powers of a

hypothetical lien creditor or bona fide purchaser and may avoid any transfer of an interest of the Debtor in property voidable thereby.

94.  The Mortgage may be avoided by the Trustee pursuant to 11 U.S.C. § 544(a).

95.  Pursuant to 11 U.S.C. § 550(a), the Trustee may recover for the benefit of the estate, the lien represented by the Mortgage and the Debtor's interest in the Property subject to the Mortgage.

96.  Pursuant to 11 U.S.C. § 551, the avoided Mortgage is preserved for the benefit of the bankruptcy estate.

97.  Pursuant to 11 U.S.C. § 550(a) the Trustee may recover the sum of $67,000 from the Defendants.

## COUNT IX

### (Accounting)

98.  The Trustee repeats and realleges averments one through 97 of his complaint as if set forth fully herein.

99.  The Trustee is entitled to a complete and accurate accounting from the Trustees, in their capacity as trustees of the Trust, for the prior three years, 2007, 2008, and 2009, and more particularly, to an accounting of all property which has come into their possession or which has been in their possession from January 1, 2007, to date.

100.  The Trustee is entitled to copies of the Trust's Federal and state income tax returns for the years 2007, 2008, and 2009, copies of the Trust's bank statements from January 1, 2007, to date, for all bank accounts in the name of the Trustees, in

their capacity as trustees of the Trust, and copies of all deeds evidencing the transfer of real property to or from the Trustees, in their capacity as trustees of the Trust from January 1, 2007, to date.

## COUNT X

### (Award of Costs)

101.  The Trustee repeats and realleges averments one through 100 of his complaint as if set forth fully herein.

102.  On entry of judgment for the Trustee, the court may award the Trustee costs pursuant to Rule 7054(b) of the Rules of Bankruptcy Procedure.


WHEREFORE, the Trustee respectfully requests that:

1.  The court find that the Transfer constitutes an avoidable fraudulent transfer within the meaning of M.G.L. ch. 109A and 11 U.S.C. § 544(b);

2.  The court find that the Transfer constitutes an avoidable fraudulent transfer within the meaning of 11 U.S.C. § 548(a);

3.  The court find that the Transfer constitutes an avoidable preferential transfer within the meaning of 11 U.S.C. § 547(b);

4.  The court find that, pursuant to 11 U.S.C. § 544, the Mortgage is avoidable;

5.  The court enter an order avoiding the Mortgage;

6.  The court enter an order avoiding the Transfer and preserving the lien represented by the Mortgage and the Debtor's interest in the Property subject to the Mortgage for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551;

7.  The court enter judgment for the Plaintiff and against the Defendants in the amount of $67,000, plus interest from the date hereof;

8.  The court enter judgment against the Defendants for costs incurred by the Plaintiff in prosecuting this action

9.  The court order the Trustees to provide a complete and accurate accounting to the Plaintiff of all property which has come into their possession or which has been in their possession from January 1, 2007, to date;

10.  The court order the Trustees to provide to the Plaintiff complete and accurate copies of the Trust's Federal and state income tax returns for the years 2007, 2008, and 2009, complete and accurate copies of the Trust's bank statements from January 1, 2007, to date, for all bank accounts in the name of the Trustees, in their capacity as trustees of the Trust, and copies of all deeds evidencing the transfer of real property to or from the Trustees, in their capacity as trustees of the Trust, from January 1, 2007, to date; and

11.  The court grant such other and further relief as it may deem appropriate.


Signed at Boston, Massachusetts, December 29, 2009.


Warren E. Agin, Chapter 7 trustee

By his attorney,

**Swiggart & Agin, LLC**

/s/Arvid von Taube
Arvid von Taube (BBO 666313)
197 Portland Street, Fourth Floor
Boston, MA 02114
(617) 742-0110 x204
avt@swiggartagin.com